UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

BRANDON McWAIN                                                                                        MOVANT

v.                                                                      CIVIL ACTION NO. 4:15-CV-P140-JHM

COMMONWEALTH OF KENTUCKY                                                                  RESPONDENT

### MEMORANDUM OPINION

This matter is before the Court regarding a motion filed by Movant entitled "Motion for Belated Appeal." (DN 1). In this Motion, Movant asks the Court to "grant him a belated appeal from the Kentucky Supreme Court ruling under indictment number 07-CR-220." The Court notes that the Movant has also filed a Motion for Leave to Proceed *in forma pauperis*. (DN 4).

The records Movant submitted with his Motion indicate that he entered a guilty plea to the charges of first-degree arson and second-degree burglary on September 5, 2008, in the Rowan County (Kentucky) Circuit Court. (DN 1, Ex. 2, Motion for Discretionary Review of a Decision of the Court of Appeals). The records further indicate that on March 4, 2010, Movant filed a *pro se* Motion to Vacate Sentence for ineffective assistance of counsel and coercion in pleading guilty, and that the Rowan County Circuit Court denied the Motion to Vacate Sentence on June 25, 2010. (Id.) Movant then appealed this decision to the Kentucky Court of Appeals but the Court of Appeals affirmed the trial court's decision in an unpublished opinion rendered on November 30, 2012. (Id.) The most recent state records submitted by Movant indicate that he then filed a Motion for Discretionary Review of the Court of Appeals' decision with the Kentucky Supreme Court on January 2, 2013, and that the Office of the Kentucky Attorney General filed a response to this Motion on February 1, 2013, submitting that this motion be denied. (DN 1, Ex. 3, Response to Motion for Discretionary Review). In the Motion now before

the Court, Movant seems to indicate that he understands the Attorney General's Response to Motion for Discretionary Review to constitute a denial of his Motion for Discretionary Review by the Kentucky Supreme Court. (DN 1, ¶ 6). It is the Court's understanding that it is this perceived ruling by the Kentucky Supreme Court which Movant now seeks to appeal in this Court.

Movant also indicates that his Motion is "belated" and that it is such because he filed a Petition for Writ of Habeas Corpus in this Court on December 13, 2013, but received no response. However, as the records filed by Movant indicate, the Western District of Kentucky Clerk of Court (Clerk) has twice responded to letters written by the Movant seeking information on this supposed habeas action. On June 16, 2014, the Clerk's Office sent a letter to Movant explaining to him that he had no pending action in the Court but that if he sought to file a habeas action, he could do so by utilizing the enclosed 28 U.S.C. § 2254 packet and copy of the *Pro Se Prisoner Handbook*. Similarly, on May 12, 2015, the Clerk's Office sent another letter to Movant explaining that it had never received a habeas petition filed by him. In the letter, the Clerk further opined that, based on Movant's records, the Clerk's Office never received his petition because it was sent to the wrong address.

Regardless of whether Movant's Motion is belated or not, this Court is without jurisdiction to entertain an appeal from a state court. "The Rooker-Feldman doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), stands for the proposition that a party aggrieved by a state-court decision cannot appeal that decision to a district court, but must instead petition for a writ of certiorari from the United States Supreme Court." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "[W]hen the federal

courts are asked to 'engage in appellate review of state court proceedings,' the doctrine necessarily applies." *Id.*; *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) ("[T]he *Rooker-Feldman* doctrine [] appl[ies] to interlocutory orders and to orders of lower state courts."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Thus, because the Court lacks subject-matter jurisdiction over Movant's "Appeal," the Court will dismiss the action by separate Order. The Clerk of Court is **DIRECTED** to send Movant another 28 U.S.C. § 2254 packet for Movant to utilize should he wish to file a habeas petition in this Court.

Date:  October 28, 2015

*Joseph H. McKinley, Jr., Chief Judge*
United States District Court

cc: Movant, *pro se*
    Attorney General, Commonwealth of Kentucky
4414.011

3